UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MYLOCKER.COM, LLC,

    Plaintiff,

v.

S&S ACTIVEWEAR, LLC, *et al.*,

    Defendants.
_____/

Case No. 25-10160
Hon. Linda V. Parker

## OPINION AND ORDER GRANTING BRODER BROS. CO.'S MOTION TO STAY LITIGATION AND COMPEL ARBITRATION (ECF No. 13) AND HOLDING IN ABEYANCE S&S'S MOTION TO DISMISS (ECF No. 14)

Plaintiff MyLocker.com, LLC ("MyLocker") brought this breach of contract action on January 16, 2025. (ECF No. 1.) This matter is before the Court on Defendant Broder Bros., Co. n/k/a Broder Bros., LLC d/b/a alphabroder's ("alphabroder") motion to stay litigation, compel arbitration, and extend answer deadline (ECF No. 13) and Defendants S&S Activewear, LLC and S&S Holdings LLC's (collectively, "S&S") motion to dismiss. (ECF No. 14.) MyLocker has also requested an order compelling the parties, including S&S, to arbitration. (ECF No. 1, PageID.44-45.) The motions are fully briefed. (*See* ECF Nos. 13–18.)

The Court finds that oral argument will not aid in its disposition of the motions; therefore, it is dispensing with oral argument pursuant to Eastern District

of Michigan Local Rule 7.1(f). For the following reasons, the motion to stay and compel arbitration (ECF No. 13) is **GRANTED**. The motion to dismiss (ECF No. 14) is **HELD IN ABEYANCE** pending limited discovery as outlined below.

## I.     BACKGROUND

MyLocker and alphabroder are parties to an ongoing arbitration which arose out of a written Term Sheet dated April 9, 2024 (the "Term Sheet"), which contains an arbitration agreement. (ECF No. 13, PageID.147.) Alphabroder seeks to stay this litigation and compel MyLocker to proceed with the arbitration. Surprisingly, MyLocker agrees. Its position is that this litigation should be stayed, and this dispute should be resolved through arbitration. However, the parties dispute S&S's role in the proceedings. S&S is not a direct party to the Term Sheet. However, MyLocker argues it is a successor-by-merger to alphabroder and as such it should be compelled to arbitration. S&S disagrees and maintains that it is not a party to the Term Sheet and cannot be compelled to arbitrate.

As stated in the January 1, 2025, Amended and Restated Limited Liability Company Agreement of Broder Bros., LLC (the "LLC Agreement"), Broder Bros, Co. converted from a Delaware corporation to a Delaware limited liability company named Broder Bros., LLC. (ECF No. 14-2, PageID.302.) S&S Activewear, LLC is the sole member and manager of Broder Bros., LLC. (*Id.*) Section 16 of the LLC Agreement states that "the debts, obligations and liabilities

of [Broder Bros., LLC], whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of [Broder Bros., LLC], . . . ." (*Id.*)

As alleged in the complaint, on August 6, 2024, it was announced that alphabroder would be merging with S&S. (ECF No. 1, PageID.26-27.) After the acquisition closed, S&S personnel informed MyLocker that they would be pursuing a "one brand strategy versus maintaining a separate alphabroder and S&S Activewear website[.]" (*Id.* at PageID.34.) Representatives of S&S have referred to the acquisition of alphabroder as a "combined company" and stated that alphabroder "doesn't exist." (ECF No. 17, PageID.458.)

## II. STANDARD

Under Civil Rule 12(b)(6), a pleading fails to state a claim if its allegations do not support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The plaintiff need not provide "detailed factual allegations" but must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action will not do.").

Although the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," the court need not accept

3

legal conclusions as true. *Iqbal*, 556 U.S. at 678–79 (quotations and citation omitted). The complaint is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678; *see also 16630 Southfield Ltd. v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) ("The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."). If not, then the court must grant the motion to dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

Courts usually consider only the allegations in the complaint. *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (citations omitted). However, courts may also rely on "exhibits attached to the complaint, public records, items appearing in the record of the case[,] and exhibits attached to defendant's motion to dismiss"—but only if the complaint relies on them—without having to convert a motion to dismiss into a motion for summary judgment. *Id.* at 680–81 (citing *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008)).

**III.   MOTION TO STAY AND COMPEL ARBITRATION (ECF No. 13)**

The parties concur that alphabroder and MyLocker are both bound by the arbitration provision in the Term Sheet. (*See* ECF No. 13, PageID.147; ECF No. 15, PageID.335.) Although MyLocker does not wish to proceed in both forums, it

4

provides no caselaw or compelling justification which would warrant delaying the enforcement of the undisputedly applicable arbitration provision. Consequently, the motion to stay litigation and compel arbitration is **GRANTED IN PART** as to alphabroder and MyLocker. Specifically, this litigation is **STAYED** as to alphabroder only.

### IV. MOTION TO DISMISS (ECF No. 14)

MyLocker asks this Court to issue an order enforcing its arbitration agreement as to S&S under 9 U.S.C. § 4 and subsequently issue a stay as to all parties. (ECF No. 1, PageID.44.) Conversely, S&S asks the Court to dismiss the claims against it in their entirety, a request which requires the Court to determine if there is a valid arbitration agreement. (ECF No. 14.) Preliminary discovery may be appropriate on issues of arbitration clauses, as "[c]ourts have recognized that a party who adequately puts the formation of an arbitration contract in issue may request discovery on that contract-formation question." *Boykin v. Fam. Dollar Stores of Michigan, LLC*, 3 F.4th 832, 841 (6th Cir. 2021).

#### a. Arbitrability of the Formation Question

"When deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally . . . should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). "Courts should not assume that the parties

5

agreed to arbitrate arbitrability unless there is 'clea[r] and unmistakabl[e]' evidence that they did so." *Id.* at 944 (*quoting AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). The Court "may not address other issues, including merits issues, before the court resolves these formation questions[.]" *Boykin v. Fam. Dollar Stores of Michigan, LLC*, 3 F.4th 832, 844 (6th Cir. 2021). Motions relating to merits issues must be held in abeyance pending the resolution of the arbitrability issue. *Id.* There is no clear indication that the parties agreed to arbitrate arbitrability in this case, consequently, the Court may determine if there is a valid arbitration agreement which binds S&S. *See Boykin v. Fam. Dollar Stores of Michigan, LLC*, 3 F.4th 832, 843-44 (6th Cir. 2021). This determination must be made before the Court can address the merits of MyLocker's claims, including the substance of the motion to dismiss. (ECF No. 14.)

      Defendants have submitted copies of the Delaware Secretary of State website showing that Broder Bros., LLC, S&S Activewear, LLC, and S&S Holdings LLC are each separate legal entities in good standing with the Delaware Secretary of State. MyLocker argues that the additional documentation provided by S&S should not be considered by the Court in relation to the motion to dismiss. However, in ruling on a motion to compel arbitration, which is in essence what MyLocker has raised, courts routinely look to evidence outside of the pleadings. *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002).

Consequently, the Court finds it is appropriate to do so here as MyLocker has adequately placed the existence of a binding arbitration clause at issue.

### b. Applicability of Arbitration Provision to Nonsignatory

Although nonsignatories are generally not bound to contracts, "nonsignatories of arbitration agreements can still be bound by an agreement pursuant to ordinary contract-related legal principles, including incorporation by reference, assumption, agency, veil-piercing/alter ego, and estoppel." *AFSCME Council 25 v. Wayne Cnty.*, 811 N.W.2d 4, 12 (Mich. Ct. App. 2011); *see also Am. Bankers Ins. Grp., Inc. v. Long*, 453 F.3d 623, 627 (4th Cir. 2006); *Howard Johnson Co. v. Detroit Loc. Joint Exec. Bd., Hotel & Rest. Emp. & Bartenders Int'l Union, AFL-CIO*, 417 U.S. 249, 263 (1974); *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 629 (6th Cir. 2003).

### c. Choice of Law

To determine the issue of successor liability, the first question is which law governs. "Federal courts sitting in diversity must apply the choice-of-law principles of the forum." *Tele-Save Merch. Co. v. Consumers Distrib. Co.*, 814 F.2d 1120, 1122 (6th Cir. 1987). S&S argues that the Court should apply Michigan law to determine if it assumed the contract under general agency principles while MyLocker argues New York law applies due to the choice of law provision in the Term Sheet. (ECF No. 14, PageID.275; ECF No. 17, PageID.462.) The central

7

question at issue is if S&S and alphabroder engaged in a de facto merger, which is a broader inquiry than merely an analysis of the Term Sheet.  The first question the Court must ask is if there is an actual conflict between the two states' laws, or if Michigan and New York law in this area are compatible. As under either state's law, the question of common ownership is dispositive and necessitates limited discovery, the Court need not reach the choice of law question.

### d. Corporate Successor Liability Under Michigan Law

Michigan follows the "traditional rule of nonliability for corporate successors who acquire a predecessor through the purchase of assets." *Foster v. Cone–Blanchard Mach. Co.*, 597 N.W.2d 506, 509 (Mich. 1999).  However, Michigan recognizes five narrow exceptions to the traditional rule of non-liability:

> (1) where there is an express or implied assumption of liability;
> (2) where the transaction amounts to a consolidation or merger;
> (3) where the transaction was fraudulent;
> (4) where some elements of a purchase in good faith were lacking, or where the transfer was without consideration and the creditors of the transferor were not provided for; or
> (5) where the transferee corporation was a mere continuation or reincarnation of the old corporation.

*Id.* at 509–10 (quoting *Turner v. Bituminous Casualty Co.*, 244 N.W.2d 873, 878 (Mich. 1976)) (paragraph breaks added).  The second and fifth exceptions are at issue in this case, although it appears MyLocker may intend to raise all five exceptions. (ECF No. 17, PageID.464.)

The elements of de facto merger under Michigan law are: (1) continuity of management, personnel, physical location, assets, and general business operations; (2) continuity of shareholders; (3) dissolution of the seller corporation as soon as legally and practically possible; and (4) assumption of the seller's obligations and liability by the purchasing corporation. *Craig ex rel. Craig v. Oakwood Hosp.*, 684 N.W.2d 296, 314-315 (Mich. 2004). For de facto merger to exist, "consideration must be stock of the acquiring corporation" not cash. *Bituminous Casualty Co.*, 244 N.W.2d at 447.

Based on the documents submitted, it is not possible for the Court to determine what the consideration was in the purchase of alphabroder. The mere fact that alphabroder is currently listed as a separate legal entity is not dispositive under this analysis. Based on the documentation provided by MyLocker, the Court finds that the existence of a valid arbitration clause is sufficiently at issue. (*See* ECF No. 17, PageID.474.) For that reason, limited discovery is required.

Finally, for the mere continuation exception to apply, the new corporation must be merely the "new hat" of the old one. *Id.* at 570. In evaluating if this exception applies,

> [c]rucial factors to consider are whether essentially the same employees and management continue in the succeeding corporation, the same products are produced, and the same facilities are used. Use of the same name, while a factor to consider, does not seem crucial. Also important is the nature of the very continuation itself—use of goodwill and representations of continuity.

9

*Id.* at 244 N.W.2d at 452. The application of this exception also requires limited discovery, as there are not facts in the record from which the Court could make a final determination on any of these factors.

### e. Corporate Successor Liability Under New York Law

Under New York law, "[s]o long as the acquired corporation is shorn of its assets and has become, in essence, a shell, legal dissolution is not necessary before a finding of a de facto merger will be made[.]" *Fitzgerald v. Fahnestock & Co.*, 730 N.Y.S.2d 70, 70 (N.Y. App. Div. 2001). Factors considered in determining de facto merger include:

> (1) continuity of ownership;
>
> (2) a cessation of ordinary business and dissolution of the predecessor as soon as practically and legally possible;
>
> (3) assumption by the successor of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the predecessor; and
>
> (4) a continuity of management, personnel, physical location, assets, and general business operation.

*Sweatland v. Park Corp.*, 587 N.Y.S.2d 54, 54 (N.Y. App. Div. 1992) (paragraph breaks inserted).

Under New York law, the fact that a corporation is listed as "active" is not dispositive because "[s]o long as the acquired corporation is shorn of its assets and has become, in essence, a shell, legal dissolution is not necessary before a finding of a de facto merger will be made[.]" *Radium2 Cap., LLC v. Xtreme Nat'l Maint. Corp.*, 159 N.Y.S.3d 853 (N.Y. App. Div. 2022) (quoting *Fitzgerald*, 730 N.Y.S.2d

at 70). Consequently, S&S's arguments regarding the public documentation are not dispositive because they do not make clear what consideration S&S offered in exchange for the purchase of alphabroder. (*See* ECF No. 18, PageID.568-569.)

However, "the doctrine of de facto merger in New York does not make a corporation that purchases assets liable for the seller's contract debts absent continuity of ownership." *Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41, 47 (2d Cir. 2003) (applying New York law); *Washington Mut. Bank, F.A. v. SIB Mortg. Corp.*, 801 N.Y.S.2d 821, 822 (N.Y. App. Div. 2005).

> The first criterion, continuity of ownership, exists where the shareholders of the predecessor corporation become direct or indirect shareholders of the successor corporation as the result of the successor's purchase of the predecessor's assets, as occurs in a stock-for-assets transaction. Stated otherwise, continuity of ownership describes a situation where the parties to the transaction 'become owners together of what formerly belonged to each[.]'

*In re New York City Asbestos Litig.*, 789 N.Y.S.2d 484, 486-87 (N.Y. App. Div. 2005). Based on the documents submitted, it is not possible for the Court to determine what the consideration was in the purchase of alphabroder. For that reason, limited discovery is required. Under New York law, a de facto merger would only be present if S&S purchased alphabroder with its own stock or the members of alphabroder otherwise became members of S&S.

V. **CONCLUSION**

The Court **GRANTS** alphabroder's motion to stay litigation and compel arbitration as to alphabroder only. (ECF No. 13.)

**IT IS FURTHER ORDERED** that this case is **STAYED** as to alphabroder only, and alphabroder and MyLocker **SHALL SUBMIT** to arbitration pursuant to the Term Sheet.

**IT IS FURTHER ORDERED** that the motion to dismiss (ECF No. 14) is **HELD IN ABEYANCE** pending limited discovery. Specifically, by **September 22, 2025**, S&S **SHALL PROVIDE** to MyLocker discovery relevant to the successor liability theories and the applicability of the arbitration provision. Namely, the consideration in the acquisition of alphabroder and/or the identity of current and former members/shareholders of the relevant entities.

The parties **SHALL SUBMIT** supplemental briefing by **October 13, 2025**, addressing the issues of: (1) the choice of law question; (2) the de facto merger and mere continuation exceptions; and (3) any other theory of corporate successor liability which would bind S&S to the arbitration provision in the Term Sheet. The parties may each file a response to the supplemental briefing by **October 27, 2025**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 11, 2025